# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **J.B. and P.D.**

**No. 19-1171** (Kanawha County 17-JA-375 and 18-JA-296)

**FILED**

**June 24, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Guardian A.K., by counsel Edward L. Bullman, appeals the Circuit Court of Kanawha County's September 13, 2019, order terminating her custodial and guardianship rights to J.B. and P.D.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Mindy M. Parsley, filed a response in support of the circuit court's order. The guardian ad litem, Sharon Childers, filed a response on behalf of the children in support of the circuit court's order and a supplemental appendix. On appeal, petitioner argues that the circuit court erred in terminating her custodial and guardianship rights without granting her an improvement period and in denying her post-termination visitation with the children.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2019, the DHHR amended a previously filed child abuse and neglect petition and alleged that petitioner, the approved foster placement and guardian of J.B. and P.D., had exposed the children to inappropriate living conditions.[2] The DHHR alleged that petitioner lived

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2]At the time the original child abuse and neglect petition was filed in September of 2017, petitioner, the children's grandmother, had been granted guardianship over the children. However, the petition did not name petitioner or infant P.D. as parties. Over a series of amendments, they were both added as parties. The March of 2019 amendment was the first to allege that petitioner had abused or neglected J.B. and P.D.

in a three-bedroom home with twelve other people, including known felons and drug users, some of whom had been arrested in the children's presence. The children slept on inflatable air mattresses in the home's dining room. The DHHR further alleged that the children were not wearing underwear when removed from the home. Seven-year-old J.B. weighed just thirty-seven pounds, and the DHHR alleged that he had been sexually abused by another child in the home.

At an adjudicatory hearing in June of 2019, petitioner stipulated to the allegations in the petition. Based on her stipulations, the circuit court found that petitioner "exposed the minor children to an inappropriate home environment. The children were exposed to at least [twelve] adults living in the home, with some of those adults having criminal records relating to drugs and domestic violence." Further, the court found petitioner "does not have the ability to stand up to her family members and protect the minor children. [Petitioner] placed the children at risk of harm." Upon these findings, the circuit court adjudicated petitioner as an abusing parent.[3]

In September of 2019, the circuit court held the final dispositional hearing and heard evidence for petitioner's motion for a post-adjudicatory improvement period and the DHHR's motion to terminate petitioner's guardianship rights. The DHHR presented testimony from petitioner's case worker, her psychological evaluator, and the children's therapist. Petitioner testified on her own behalf. Based on the evidence presented, the circuit court found that petitioner was acting as a relative foster placement for the children at the time the amended petition was filed and was "aware that the conditions in the home and the environment the children [were] exposed to was against DHHR policy. [Petitioner] testified to the living situation and admitted to making a 'big mistake' although she knew at the time that it was wrong, further testifying that she 'did it anyway.'" Relying on testimony of petitioner's psychological evaluator, the court found that petitioner "lack[ed] the intellectual capacity and adaptive skill level to properly parent the children." Further, petitioner "continued to make excuses for the numerous adult individuals living in her home and could not fully grasp why the situation endangered the children." Finally, the circuit court considered the children's therapist's opinion that "continued contact between the minor children and [petitioner] was contrary to the children's best interests" due to petitioner's "inappropriate" behavior that "caused the children unnecessary stress and anxiety."

Ultimately, the circuit court found that petitioner could not follow through with rehabilitative services designed to reduce or prevent the abuse and neglect of the children and that the best interests of the children required termination of her guardianship rights. Accordingly, the circuit court's September 13, 2019, order, denied petitioner's motion for a post-adjudicatory improvement period, terminated petitioner's custodial and guardianship rights, and denied her post-termination visitation with the children. Petitioner now appeals that order.[4]

---

[3]Pursuant to West Virginia Code § 49-1-201, the term "abusing parent" includes "a . . . guardian . . .whose conduct has been adjudicated by the court to constitute child abuse or neglect."

[4]The children's parents' parental rights were terminated below, with the exception of P.D.'s father who voluntarily relinquished his parental rights to his child. According to the parties, the permanency plan for P.D. is adoption in her current foster placement. J.B.'s permanency plan is also adoption; however, the child has demonstrated harmful behaviors, which have necessitated inpatient treatment and have delayed this permanency plan.

The Court has previously held:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Upon review, this Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in denying her motion for a post-adjudicatory improvement period because she presented clear and convincing evidence that she would fully participate in an improvement period. Petitioner stresses that she obtained new housing and maintained the housing without any additional inappropriate individuals. We disagree and find petitioner is entitled to no relief.

West Virginia Code § 49-4-610(2)(B) provides that the circuit court may grant a parent a post-adjudicatory improvement period when the parent "demonstrates, by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period." We have noted that "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period." *In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015). "[I]f a parent is unable to demonstrate an ability to correct the underlying conditions of abuse and/or neglect in the near future, termination of parental rights may proceed without the utilization of an improvement period." *In re Charity H.*, 215 W. Va. 208, 216, 599 S.E.2d 631, 639 (2004). Here, petitioner failed to demonstrate that she would be likely to correct the conditions of abuse and neglect in the near future. Evidence from the dispositional hearing proved that petitioner was well aware that she was making a mistake by permitting inappropriate individuals to live in her home, but "let it happen anyway," which exemplified her inability to follow the directives of the DHHR. Despite admitting to the conditions of abuse and neglect, petitioner minimized her actions and the danger that the children were placed in due to those actions. Further, petitioner's psychological evaluator testified that she did not have the intellectual capacity to properly parent the children. Based on this evidence, we find that the circuit court did not abuse its discretion in denying petitioner's motion for an improvement period.

This same evidence supports the termination of petitioner's custodial and guardianship rights. West Virginia Code § 49-4-604(b)(6) (2019)[5] provides that a circuit court may terminate these rights upon findings that "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the welfare of the children. West Virginia Code § 49-4-604(c)(3) (2019) clearly sets forth that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected" when

> [t]he abusing parent . . . ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health, or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare, or life of the child.

The circuit court correctly found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future because she would not follow the directives of the DHHR. Moreover, petitioner began to minimize the conditions of abuse and neglect in her psychological evaluation, which further diminished petitioner's potential for improvement. *See In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (citation omitted) ("Failure to acknowledge the existence of the problem . . . results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense."). The evidence presented also showed that termination of petitioner's guardianship rights was necessary for the children's welfare to avoid further "unnecessary stress and anxiety for the children." We have held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604 (2019)] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(c) (2019)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Upon our review, the circuit court's findings are supported by the record, and we find that the circuit court did not abuse its discretion in terminating petitioner's custodial and guardianship rights.

Petitioner also argues that the circuit court erred in denying her motion for post-termination visitation with the children due to the bond that they share with her. We have held that

> "[w]hen parental rights are terminated due to neglect or abuse, the circuit court may nevertheless in appropriate cases consider whether continued visitation or other contact with the abusing parent is in the best interest of the child. Among

---

[5]Although the Legislature amended West Virginia Code § 49-4-604 effective June 5, 2020, including renumbering the provisions, the amendments do not impact this case.

other things, the circuit court should consider whether a close emotional bond has been established between parent and child and the child's wishes, if he or she is of appropriate maturity to make such request. The evidence must indicate that such visitation or continued contact would not be detrimental to the child's well being and would be in the child's best interest." Syl. Pt. 5, *In re Christina L.*, 194 W.Va. 446, 460 S.E.2d 692 (1995).

Syl. Pt. 11, *In re Daniel D.*, 211 W. Va. 79, 562 S.E.2d 147 (2002). The children's therapist opined that continued contact with petitioner was not in the children's best interests, and petitioner fails to rebut this evidence on appeal. Based on this evidence and the lack of evidence to the contrary, we find no error in the circuit court's decision to deny post-termination visitation.

For the foregoing reasons, we find no error in the decision of the circuit court, and its September 13, 2019, order is hereby affirmed.

Affirmed.

**ISSUED**: June 24, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison